

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH COOK,<br><br>              Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, INC., TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., PORTFOLIO RECOVERY ASSOCIATES, LLC, BANK OF AMERICA, N.A., SYNCHRONY BANK, and CAPITAL ONE BANK,<br><br>              Defendants. | Case No: 1:22-cv-3283-KPF<br>ECF Case |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Elizabeth Cook ("Plaintiff") and all Defendants, through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential— Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential – Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential – Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation

and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.  Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9.  All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential or "Confidential—Attorneys' Eyes Only." A party intending to present another party's or a non-party's confidential document designated as "Confidential" or "Confidential—Attorneys' Eyes Only" at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. A party or non-party who discovers that it has inadvertently disclosed or produced documents designated "Confidential" or "Confidential – Attorneys' Eyes Only" must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived. A party who discovers that it may have received an inadvertently disclosed or produced a document

designated "Confidential" or "Confidential – Attorneys' Eyes Only" must promptly notify the disclosing or producing party or non-party.

15. Any deposition or portion thereof during which confidential information is being disclosed shall be taken in camera without any persons in attendance other than the witnesses and those persons described in Paragraph 6 and Paragraph 7. At the time of the deposition if possible, but not later than 21 days after receipt of the deposition transcript becomes available, counsel shall designate those portions of the deposition testimony which they deem "Confidential" or "Confidential – Attorneys' Eyes Only." Counsel shall designate these portions of answers to interrogatories and responses to requests for admission that they deem confidential when the answers and responses are served.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

17. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Respectfully submitted,

Dated: September 6, 2022 /s/ *Melanie K. Chan*

Melanie K. Chan
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-7854
Email: melaniechan@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*


Dated: September 6, 2022 /s/ *Theodore R. Bohn*

Theodore R. Bohn
501 5th Avenue
New York, NY 10017
Telephone: (212) 787-0319
Email: ted1091@gmail.com

*Counsel for Plaintiff*
*Elizabeth Cook*


Dated: September 6, 2022 /s/ *Adam T. Hill*

Adam T. Hill
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5954
Email: ahill@seyfarth.com

Courtney S. Stieber
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 218-3382
Email: cstieber@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services, LLC*

| | | |
|---|---|---|
| Dated: | September 6, 2022 | /s/ *Katherine C. Robinson* |
| | | Katherine C. Robinson |
| | | Camille R. Nicodemus |
| | | Schuckit & Associates, P.C. |
| | | 4545 Northwestern Drive |
| | | Zionsville, IN 46077 |
| | | Telephone: (317 363-2257 |
| | | Email: krobinson@schuckitlaw.com |
| | | Email: cnicodemus@shuckitlaw.com |
| | | |
| | | *Counsel for Defendant* |
| | | *TransUnion LLC* |
| | | |
| Dated: | September 6, 2022 | /s/ *Stephen D. Lozier* |
| | | Stephen D. Lozier |
| | | Troutman Pepper Hamilton Sanders LLP |
| | | 1001 Haxall Point, 15th Floor |
| | | Richmond, VA 23219 |
| | | Telephone: (804) 967-1200 |
| | | Email: stephen.lozier@troutman.com |
| | | |
| | | Stephen J. Steinlight |
| | | Troutman Pepper Hamilton Sanders LLP |
| | | 875 Third Avenue |
| | | New York, NY 10022 |
| | | Telephone: (212) 704-6000 |
| | | Email: stephen.steinlight@troutmansanders.com |
| | | |
| | | *Counsel for Defendant* |
| | | *Portfolio Recovery Associates, LLC* |
| | | |
| Dated: | September 6, 2022 | /s/ *Shan P. Massand* |
| | | Shan P. Massand |
| | | McGuire Woods LLP |
| | | 1251 Avenue of the Americas, 20th Floor |
| | | New York, NY 10020 |
| | | Telephone: (212) 548-2172 |
| | | Email: smassand@mcguirewoods.com |
| | | |
| | | *Counsel for Defendant* |
| | | *Bank of America, N.A.* |

Dated:   September 6, 2022         /s/ *Alexander W. Pilorusso*
                                   Alexander W. Pilorusso
                                   Reed Smith LLP
                                   20 Stanwix Street, Suite 1200
                                   Pittsburgh, PA 15222
                                   Telephone: (412) 288-2529
                                   Email: apilorusso@reedsmith.com

                                   John P. Kennedy
                                   Reed Smith LLP
                                   599 Lexington Avenue
                                   New York, NY 10022
                                   Telephone: (212) 549-4186
                                   Email: jkennedy@reedsmith.com

                                   *Counsel for Defendant*
                                   *Synchrony Bank*

```
This confidentiality agreement does not bind the Court or any
of its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.
```

                                              SO ORDERED.

```
Dated:   September 7, 2022
         New York, New York
```

                                              HON. KATHERINE POLK FAILLA
                                              UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## DECLARATION OF COMPLIANCE

1. I, _____, declare as follows:

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

6. I have carefully read and understand the provisions of this Stipulated Protective Order.

7. I will comply with all provisions of this Stipulated Protective Order.

8. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

9. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

10. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_, at _____.

_____
QUALIFIED PERSON