McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel 412.667.6000
Fax 412.667.6050
www.mcguirewoods.com

Blaec C. Croft
Direct: 412.667.6057

**McGuireWoods**

bcroft@mcguirewoods.com

MEMO ENDORSED

September 12, 2022

**Via ECF to the Court**
Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Cook v. Equifax Information Services, Inc., et al.*
              **Case No. 1:22-cv-03283 (KPF)**
              *Discovery Dispute re. Plaintiff's Discovery Served on Capital One*

Your Honor:

      In accordance with Your Honor's Individual Rules of Practice in Civil Cases, Defendant Capital One Bank (USA), N.A. ("Capital One") respectfully submits this letter requesting clarification of its discovery obligations because of a discovery dispute between Plaintiff Elizabeth A. Cook ("Plaintiff") and Capital One. Plaintiff's counsel and Capital One's counsel conferred by telephone on September 8, 2022; however, they were unable to resolve the dispute.

**I.     Background**

      On July 26, 2022, the Court held the initial Pretrial Conference, in which it ordered the parties to conduct a settlement conference with the Magistrate, stated that it would not file a case management plan at that time and granted the parties leave to take targeted discovery in aid of the settlement conference. ECF No. 72 (Minute Entry for July 26, 2022). Prior to the Conference, Capital One filed pre-motion letters seeking leave for a Partial Motion for Judgment on the Pleadings and Partial Motion for Summary Judgment. During the conference, the Court stated that if Capital One wished to advance the motions, to submit a proposed briefing schedule.

      Magistrate Cave set a call for August 5, 2022, to discuss availability for the settlement conference. ECF No. 73. On August 3, 2022, Plaintiff provided a global settlement demand to Defendants. Because the global demand was unhelpful for the settlement conference, Capital One filed a proposed briefing schedule for its two motions on August 4, 2022. ECF No. 75. In response, Plaintiff requested she be allowed to take discovery of Capital One, including a deposition, before the motions were decided. ECF Nos. 76.

      On August 5, 2022, the parties held a call with Magistrate Cave regarding the settlement conference. Multiple parties expressed concern that they could not evaluate the case for a

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

settlement conference based on Plaintiff's global demand as each Defendant's liability was independent of the others' alleged actions. On August 8, 2022, the Court, after conferring with Magistrate Cave, found that Plaintiff's unreasonable settlement demand and unwillingness to provide individualized demands to Defendants ran contrary to the Court's understanding of Plaintiff's obligations following the July 26, 2022 initial pretrial conference. ECF No. 78. The Court withdrew the referral for the settlement conference and ordered Plaintiff to file a response to Capital One's pre-motion letters. *Id*. Notably, the Court did not grant Plaintiff the relief she sought regarding discovery. *Id*.

On August 17, 2022, Plaintiff filed her response to Capital One's pre-motion letters, arguing that the motions were premature as discovery was required and requested the Court allow her to take discovery before the motions were briefed. ECF No. 79. On August 25, 2022, the Court set a briefing schedule for Capital One's Partial Motion for Judgment on the Pleadings[1] and Partial Motion for Summary Judgment, with opening briefs due September 12, 2022, and September 19, 2022, respectively. ECF No. 80. In addition, the Court ordered Plaintiff and all Defendants, except Capital One, to confer and submit a proposed case management plan. *Id*. Notably, the Court did not state that Plaintiff could take discovery to aid in responding to Capital One's motions.

On August 12, 2022, Plaintiff served her first set of Interrogatories on Capital One. On September 3, 2022, Plaintiff served a Notice to take Capital One's 30(b)(6) deposition on September 20, 2022.

On September 7, 2022, Capital One requested Plaintiff withdraw the deposition notice as the parties had not conferred pursuant to Rule 26(f) and the Court had not granted Plaintiff's request for discovery in aid of responding to Capital One's motions. Plaintiff did not agree on the basis that the Court's Order's did not deny her the right to take discovery of Capital One. Counsel for Plaintiff and Capital One conferred via telephone on September 8, 2022, but were unable to resolve the issue. On September 8, 2022, after the parties conferred, Plaintiff served her first set of Requests for Production of Documents on Capital One.

**II.    Request.**

Capital One's understanding of the Court's Orders was that the parties were granted leave to take targeted discovery to aid in the settlement conference and after the referral to the Magistrate was withdrawn, no additional discovery could be completed until after the parties conferred for the revised proposed case management plan pursuant to Rule 26(f). In addition, Plaintiff twice requested leave to take discovery before Capital One filed its motions and the Court did not grant her requests. Plaintiff served Interrogatories after the Court cancelled the settlement conference and noticed a deposition and served Requests for Production after the Court denied both of her requests for discovery as to Capital One.

---

[1] It is unclear why Plaintiff requires discovery to respond to a Partial Motion for Judgment on the Pleadings as the motion is based solely on the pleadings.

Honorable Katherine Polk Failla, U.S.D.J.
September 12, 2022
Page 3

    Capital One seeks a clarification from the Court as to its discovery obligations during the briefing of its Partial Motion for Judgment on the Pleadings and Partial Motion for Summary Judgment. To the extent necessary, Capital One seeks a protective order pursuant to Rule 26(c) that it need not respond to Plaintiff's Interrogatories and Requests for Production or appear for a deposition until after the Court rules on its pending motions.

### III.    Conclusion

    For these reasons, Capital One respectfully requests that the Court clarify its discovery obligations during the pending Partial Motion for Judgment on the Pleadings and Partial Motion for Summary Judgment, and to the extent necessary, enter a protective order as to all discovery sought by Plaintiff as to Capital One during the pendency of these motions. We thank the Court for its consideration of this request.

    Respectfully Submitted,

    */s/ Blaec C. Croft*

    Blaec C. Croft

BCC/
cc:    All Counsel of Record (via ECF)

```
The Court is in receipt of the above letter and Plaintiff's
response (docket entry 90). The Court clarifies that Capital One's
discovery obligations are stayed pending the outcome of its pending
dispositive motions. Discovery may proceed with regard to the other
Defendants while those motions are pending.

The Clerk of Court is directed to terminate the motion at docket
entry 87.


Dated:    September 19, 2022          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE